UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**CURTIS WALTER ROBERT HARRELL,**
a/k/a C.W.R. HARRELL, **CURTIS ROBERT HARRELL, MATTHEW WALTER HARRELL,**
and **WARNER-HARRELL PLANTATION, LLC,**

    Plaintiffs,

vs.          Case No. 3:06-cv-726-J-16TEM

**FARM CREDIT OF NORTHWEST FLORIDA, ACA,**

    Defendant.
_____/

**O R D E R**

This action was originally filed in the Third Judicial Circuit Court in and for Suwannee County, Florida, but was removed to this Court on the basis of federal question jurisdiction. Before the Court are Plaintiffs' Motion to Remand (Dkt. 12) and Defendant's Memorandum in Opposition (Dkt. 14) thereto. For the reasons that follow, the Court finds that federal law is integral to Plaintiffs' case and **DENIES** Plaintiffs' Motion to Remand (Dkt. 12).

**I.    Background**

Defendant is a federally chartered, non-profit bank created to assist farmers and others with long-term low interest loans. Between July 1999 and November 2001, Plaintiffs entered into three loan agreements with Defendant in which Defendant loaned Plaintiffs $2,290,000 for Plaintiffs purchase and operation of 4,000 acres of real property in Suwannee, Florida.

Under federal statutes and regulations, any person borrowing money from Defendant becomes a "member" of Defendant and is issued shares of stock that correspond to the size of its indebtedness. As a result of their loans, Plaintiffs were issued 1,000 shares of class "C" stock. Pursuant to Farm Credit Administration regulation 12 U.S.C. § 2074(c), at the end of each fiscal year, Defendant is

required to make distributions called "patronage payments" to its members based on Defendant's available net earnings. As members of Defendant, Plaintiffs were entitled to receive any and all patronage payments made or accrued during the term of their loans. Plaintiffs claim that the required patronage payments, which they estimate to be between $193,000 and $244,000, were not made from the inception of the loan through the date the loans were paid, November 19, 2004.

On February 3, 2003, Plaintiffs, Curtis Walter Robert Harrell, Curtis Robert Harrell and Matthew Walter Harrell each filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. On April 1, 2003, Plaintiff, Warner-Harrell Plantation, LLC also filed a petition for reorganization under Chapter 11. Plaintiffs' bankruptcy cases (numbered 03-01070-3F1, 03-01071-3F1, 03-01072-3F1 and 03-03249-3F1) were jointly administered. As part of the bankruptcy actions the Bankruptcy Court confirmed Plaintiffs' reorganization plan (the "Plan").

In connection with the confirmation of the Plan, Plaintiffs and Defendant entered into a settlement agreement (the "Agreement") under which Plaintiffs claim the parties agreed that 1) Plaintiffs would take a $128,000 set-off against the payment of their indebtedness to Defendant in recognition of Plaintiffs' claims against Defendant and 2) Defendant would pay Plaintiffs all remaining patronage payments due to Plaintiffs before November 10, 2004, which Defendant represented would exceed $100,000.

According to Plaintiffs, since entering into the Agreement, they have received only two checks from Defendant - a check dated April 6, 2005, in the amount of $18,393.47 for the "2004 patronage payment" and a check in the amount of $12,565.67, which Plaintiffs claim was characterized as a "final" immediate cash payment. Based on this perceived lack of "proper" patronage payments, Plaintiffs claimed that Defendant breached the Agreement and filed a four count Complaint (Dkt. 2)

alleging Breach of Contract (Count I), Conversion (Count II), Violation of Section 362 of the Bankruptcy Code (Count III) and Breach of Fiduciary Duty (Count IV).

Plaintiffs claim that the requested remand to state court is proper because this Court lacks subject matter jurisdiction. Specifically, Plaintiffs claim this Court lacks federal question jurisdiction because "[t]he gravamen of Plaintiffs' entire claim is a breach of the [Agreement] between the parties which was consummated while the Plaintiffs were in bankruptcy and is purely contractual" (Dkt. 12 at 2). Defendant responds that "federal law is integral to Plaintiffs' case" (Dkt. 14 at 5).

**II.    Remand**

The Constitution and Congress limit a federal court's jurisdiction by restricting the types of cases that federal courts may hear. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994). On a motion to remand, the removing party bears the burden of establishing federal jurisdiction. See 28 U.S.C. §1441; Dunlap v. G & L Holding Group, Inc., 381 F.3d 1285, 1289 (11th Cir. 2004). Moreover, all doubts are construed against removal to federal courts in the first instance, as statutes allowing for removal are to be construed narrowly by the courts. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996), accord Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

The Eleventh Circuit explained in Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994), that the plaintiff is the "master of his own claim," such that when the parties clash over jurisdiction, any uncertainties are to be resolved in favor of remand. However, although the Plaintiff is the master of his own claim, a federal court must nonetheless be cautious about remand, "lest it erroneously deprive defendant of the right to a federal forum." 14A Charles Wright, Arthur Miller & Edward H. Cooper, Federal Practice and Procedure §3721 (1985).

**III.   Discussion**

Defendant's Notice of Removal (Dkt. 1) invoked the federal question jurisdiction of this Court. In such a case, the burden is on Defendant to show that the complaint presents a federal question. A federal question is a civil action "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Whether this Court has federal question jurisdiction is determined by the "well-pleaded complaint rule," which provides that such jurisdiction exists only "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987).

In this case, the relevant portion of Plaintiffs' Complaint reads that this is "an action for monetary relief for violation of the injunctive provisions of Sections 362 and 524 of the United States Bankruptcy Code" (Dkt. 14 at 5). In addition, Defendant states that each count of Plaintiffs' Complaint alleges that Defendant acted improperly with respect to patronage payments, which are made pursuant to 12 U.S.C. § 2074(c), thus "it is impossible to avoid the conclusion that federal law is integral to Plaintiffs' case . . ." (Dkt. 14 at 5).

In their Motion to Remand, Plaintiffs claim that:

> Claims in Counts I, II and IV are common law State claims and the cause of the action alleging violation of Section 362 Injunction is not based solely on a federal question claim . . . , but rather is a claim that [Defendant] breached the [Agreement] which included setting-off funds belonging to [Plaintiffs], as debtors in bankruptcy, thereby violating Section 362. This claim can be enforced by a State Court. See Rogers v. Overstreet, 164 B.R. 382, 390 (Bankr. N.D. Ga. 1994) holding that State Courts hold concurrent jurisdiction to determine the applicability of the automatic stay.

(Dkt. 12, pp. 1-2).

Even if the Court were to decide that despite concurrent jurisdiction, remand was permissible, a plaintiff may not "avoid federal jurisdiction . . . if his state-law claims raise substantial questions of federal law. . . ." Dunlap, 381 F.3d at 1290. A "substantial question of federal law" is raised when an

4

"essential element" of a complaint is grounded in federal law. Id. Although the mere presence of a federal issue in a state claim does not confer federal jurisdiction a court will have federal question jurisdiction when an essential element of the claim requires a court to determine the effect or construction of a federal law. Id. (internal citations omitted).

Underpinning each count in the Complaint is Plaintiffs' claim that Defendant did not make the "proper" patronage payments under 12 U.S.C. § 2074(c). Thus, it is necessary for the Court to review 12 U.S.C. § 2074(c) and determine if Defendant's payments violate the regulation as Plaintiffs claim. Upon consideration, the Court therefore concludes that the construction or effect of a federal law is an "essential element" of Plaintiffs' claim and this court may properly exercise federal question jurisdiction.

**IV.  Conclusion**

Accordingly, for the reasons set forth above, Plaintiffs' Motion to Remand (Dkt. 12) is **DENIED**.

**DONE AND ENTERED** in Chambers at Jacksonville, Florida, this _5th__ day of December, 2006.

_____
JOHN H. MOORE II
United States District Judge

**Copies to:**   Counsel of Record
               Law Clerk

5